UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSHUA R. SHELBY, SR. PLAINTIFF

V. CIVIL ACTION NO. 2:25-CV-160-KHJ-MTP

LOVIE MARIE LAMB, et al. DEFENDANTS

ORDER

This case is before the Court sua sponte for consideration of dismissal. For the reasons below, the Court dismisses with prejudice pro se Plaintiff Joshua R. Shelby, Sr.'s ("Shelby") claims against Defendants Lovie Marie Lamb ("Lamb") and the Covington County Sheriff's Department ("Sheriff's Department"), as well as his official-capacity claim against Defendant Justin Newbaker ("Deputy Newbaker").

Shelby's claim against Defendant Covington County ("Covington County") and his individual-capacity claim against Deputy Newbaker suffer deficiencies too, which the Court explains below. But rather than dismiss his case, the Court allows Shelby 14 days from this Order's date to amend his [1] Complaint and plead his best case.

## I. Background

Shelby is incarcerated with the Mississippi Department of Corrections. *See* Revocation Order [1-3] at 3. He brings this lawsuit against Lamb (his mother-in-law), Deputy Newbaker, the Sheriff's Department, and Covington County for their

roles in his 2024 arrest for aggravated assault on a law enforcement officer. *See* Compl. [1]; Resp. [20].

According to Shelby, Lamb called 911 and falsely accused him of taking someone hostage. [1] at 6. Deputy Newbaker responded to the call, eventually pursuing Shelby by car. *Id.*; *see also* [1-3] at 2. When Shelby stopped his vehicle, Deputy Newbaker accidentally rear-ended it. [1] at 6; [1-3] at 2. Shelby claims the collision caused him to suffer broken bones and brain trauma. [1] at 6. Deputy Newbaker arrested Shelby on the scene. *See id.*; *see also* [20] at 1.

Law enforcement transported Shelby to a nearby hospital. [1] at 6. Shelby claims someone tased him in the hospital's x-ray room, and Deputy Newbaker "snatched the taser's prong from [his] flesh causing further injury and bleeding." *Id.* He denies receiving treatment for his injuries. *Id.*

Shelby was then transferred to the Covington County Jail where police charged him with aggravated assault on a law enforcement officer. *Id.* In the end, the presiding judge found insufficient evidence to support the charge. [1-3] at 3. Still, he incarcerated Shelby for violating the terms of his ongoing (unrelated) supervised release. *Id.*

Aggrieved by Lamb's 911 call and his subsequent arrest, Shelby filed this [1] Complaint under 42 U.S.C. § 1983. *See generally* [1]; Civil Cover Sheet [1-1]. He claims Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments and seeks $750,000 in damages. [1] at 2, 4.

## II. Standard

Shelby proceeds in forma pauperis ("IFP"), so the Prison Litigation Reform Act of 1995 ("PLRA") governs his case. *See* Order [13] (granting IFP status); 28 U.S.C. § 1915(a)(2) (prescribing prisoner IFP procedures). Under the PLRA, the Court "shall dismiss" a case anytime it determines the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is "frivolous" if it "lacks an arguable basis in law or fact." *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (citation modified). It fails to state a claim "when it lacks sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation modified).

The PLRA "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation modified). The Court may consider sua sponte "affirmative defenses that are apparent from the record" even before the plaintiff has served process or the defendant has answered. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

## III. Analysis

The Court dismisses Shelby's claims against Lamb and the Sheriff's Department as frivolous. It dismisses his official-capacity claim against Deputy Newbaker as duplicative. For Shelby's remaining claims—against Deputy

Newbaker in his individual capacity and against Covington County—the Court grants Shelby an opportunity to amend the [1] Complaint to plead his best case.

A. Lamb

Begin with Shelby's Section 1983 claim against Lamb for calling 911 on him. [1] at 3, 6; [20] at 2. This claim is frivolous.

To prove his Section 1983 claim, Shelby must show, among other things, that Lamb acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Private individuals generally are not considered to act under color of law." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.*; *see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (collecting state-action cases). A private party does not become a state actor simply by reporting criminal activity. *See Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017).

Shelby's sole allegation against Lamb is that she made a false police report. He does not allege that Lamb and Deputy Newbaker conspired to bring charges against him or that they had any contact at all. Under Shelby's allegations, which the Court takes as true, his Section 1983 claim against Lamb is frivolous. The Court dismisses it with prejudice. *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (dismissing with prejudice frivolous Section 1983 claims against private actors), *on reh'g en banc*, 117 F.3d 1504 (5th Cir. 1997).

B. The Sheriff's Department

Next consider Shelby's Section 1983 claim against the Sheriff's Department. This claim also lacks an arguable basis in the law.

As the Court already advised Shelby, the Sheriff's Department is an extension of Covington County, not a separate entity that he can sue under Section 1983. *See* Order [19] at 1. The Court dismisses Shelby's claim against the Sheriff's Department with prejudice.

C. Covington County

As to Covington County, the [1] Complaint fails to state a claim for relief under Section 1983. The Court grants Shelby an opportunity to amend his pleading. If he reasserts his claim against Covington County, he must understand the uphill pleading battle he faces to survive dismissal.

Local governments like Covington County may not be sued under Section 1983 for vicarious liability. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). Rather, to state a plausible Section 1983 claim against Covington County, Shelby must allege that a "policymaker" promulgated an "official policy" that was the "moving force" behind his constitutional harm. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "Pleading *Monell* liability is notoriously difficult." *Salas v. City of Galena Park*, No. 20-20170, 2022 WL 1487024, at *4 (5th Cir. May 11, 2022) (citation modified).

As alleged, Shelby's claim against Covington County rests on others' alleged misconduct. He points to no official Covington County policy or custom, nor does he

explain how any policy or custom caused his supposed constitutional harm. He therefore fails to state a Section 1983 claim against Covington County.

If Shelby reasserts his claim against Covington County, he must meet the strict pleading requirements for a municipal-liability claim. And the Court cautions Shelby that, even though he proceeds pro se, he still is bound by Rule 11's good-faith requirement. Fed. R. Civ. P. 11(b) (requiring legal claims to be nonfrivolous and factual allegations to have evidentiary support); *see also Taylor v. Cnty. of Copiah*, 937 F. Supp. 580, 585 (S.D. Miss. 1995) ("While not held to the same high standard governing the conduct of an attorney-at-law, a pro se party, too, has accountability under Rule 11.").

D. Deputy Newbaker

Lastly, the Court addresses Shelby's claims against Deputy Newbaker. His official-capacity claim fails as a matter of law, and qualified immunity likely bars his individual-capacity claim.[1] The Court explains each separately.

To begin, Shelby's official-capacity claim against Deputy Newbaker duplicates his claim against Covington County. *See Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020). The Court dismisses it with prejudice.

---

[1] Since the PLRA governs Shelby's claims, the Court raises the qualified-immunity defense sua sponte. *See Ali*, 892 F.2d at 440 (district court can consider affirmative defenses sua sponte in PLRA cases); *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (assuming without deciding that magistrate judge could sua sponte raise qualified immunity); *see also Alexander v. Tangipahoa Par. Sheriff Dep't*, No. CIV.A. 05-2423, 2006 WL 4017825, at *5 (E.D. La. Oct. 2, 2006) (collecting cases) ("Although there is some authority to the contrary, it appears that the majority of courts, including the Fifth Circuit, currently hold that the court 'may raise the issue of qualified immunity sua sponte.'").

As for the individual-capacity claim, Shelby must overcome Deputy Newbaker's qualified immunity. Qualified immunity shields public officials from Section 1983 liability unless a plaintiff demonstrates (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the alleged violation. *Hughey v. Tippah Cnty., Miss.*, 188 F.4th 810, 813–14 (5th Cir. 2026) (citation modified). To be "clearly established," a right must be "beyond debate." *Id.* at 814 (citation modified). A plaintiff facing a qualified-immunity defense must respond with "controlling authority" or "a robust consensus of cases of persuasive authority" showing than an officer's conduct under similar circumstances was unconstitutional. *Id.* (citation modified). Alternatively, he "may demonstrate the rare obvious case where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *Id.* at 815 (citation modified).

If Shelby pursues a Section 1983 claim against Deputy Newbaker in an amended pleading, he must plead sufficient facts and cite to relevant authority to overcome Deputy Newbaker's qualified immunity. *See Johnson v. Halstead*, 916 F.3d 410, 416 (5th Cir. 2019) (citation modified) (permitting the district court to order a plaintiff to refute qualified immunity "with factual detail and particularity"). If he fails to do so, the Court will dismiss the claim with prejudice.

## IV. Conclusion

The Court has considered all arguments raised. Any arguments the Court did not address would not have impacted the outcome. And while the Court has

identified some of Shelby's pleading deficiencies, the Court expresses no opinion about whether any amended pleading will withstand pleading-stage disposition.

For the reasons above, the Court DISMISSES with prejudice Shelby's claims against Lamb and the Sheriff's Department, as well as his official-capacity claim against Deputy Newbaker. The Court GRANTS Shelby 14 days from the date of this Order to amend his [1] Complaint and plead his best case against Deputy Newbaker in his individual capacity and Covington County. If he does not, the Court will dismiss without further notice any claims barred by qualified immunity or which do not state a claim for relief.

SO ORDERED, this 2nd day of November, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE